IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| PEARL SERNA | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | (JURY DEMAND) |
| CERTAIN UNDERWRITERS AT | § | |
| LLOYD'S, LONDON, ACSI, INC., AND | § | |
| STEVE SCHULZ | § | |

## DEFENDANT UNDERWRITERS AT LLOYD'S, LONDON NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NO. AH57329 ("Underwriters" or "Defendants"), file this Notice of Removal to the United States District Court for the Southern District of Texas, Corpus Christi Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

### I.
### FACTUAL BACKGROUND

1. Plaintiff alleges a wind or hail event occurred on April 27, 2014, and reported the loss to Underwriters on or about July 18, 2014. An independent adjuster, Steve Schulz, inspected the Property wrote a repair estimate to replace the entire roof on the dwelling, make reported interior repairs, and repair a reportedly damaged window and screen. He submitted his estimate and report to ACSI, Inc., on August 11, 2014, and left a message with Plaintiff regarding the amount of his estimate.

2. Plaintiff filed suit against Underwriters, ACSI, Inc., and Schulz Adjusting, Inc. ("Schulz") (improperly named in this lawsuit as Schulz Adjusting, Inc. had no involvement in the subject claim). Plaintiff sues Defendants for alleged contractual and extra-contractual claims, including claims of alleged Insurance Code violations against Underwriters and ACSI, Inc., and Schulz, individually. The lawsuit is styled

2. On May 19, 2016, Plaintiff filed a lawsuit styled Cause No. 16-08-56360-CV, *Pearl Serna v. Certain Underwriters at Lloyd's London, ACSI, Inc., and Schulz Adjusting, Inc.;* in the 79th Judicial District Court of Jim Wells County, Texas.

3. Plaintiff served Underwriters, by certified mail, on August 31, 2016. Plaintiff served ACSI, by certified mail, on August 29, 2016. Schulz has not been served as of the date of the filing of this removal.

4. Defendants Underwriters file this notice of removal within 30 days of receiving Plaintiff's pleading. See 28 U.S.C. §1446(b). In addition, this Notice of Removal is being filed within one year of the commencement of this action. *See id.*

5. All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a) and Local Rule 81. A copy of this Notice is also concurrently being filed with the state court and served upon Plaintiff.

6. As required by 28 U.S.C. § 1446(a) and Rule 81.1 of the Local Rules, simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is an Index of State Court Documents with attachments including all executed process, pleadings, orders, and the docket sheet. A list of counsel is attached hereto as Exhibit "B."

## II.
## BASIS FOR REMOVAL

7. Removal is proper based on diversity of citizenship under 28 U.S.C. §§1332(a), 1441(a) and 1446.

**A. There is Complete Diversity of Citizenship.**

8. Plaintiff is, and was at the time the lawsuit was filed, a resident and citizen of Texas. *See* Plaintiff's Original Pet. § I.

9. Defendants Ascot Underwriting, Ltd., Syndicate 1414, the Subscribing Syndicate to the policies at issue, is a foreign corporation with its principal place of business at 20 Fenchurch Street, London, England. The Policy provides a limit of liability of $81,600 for damage to the dwelling and $8,160 for damage to other structures. Plaintiff's lawsuit alleges that Plaintiff seeks damages in an amount over $200,000 but not more than $1,000,000. *See* Plaintiff's Petition at ¶ 71. Accordingly, Underwriters are citizens of the United Kingdom and satisfy the amount in controversy requirement for this Court's diversity jurisdiction over this matter.

10. Defendants ACSI, Inc., not a proper party to this suit, is a citizen of the state of Texas. Defendant Schulz Adjusting, Inc., also not a proper party to this suit, is a citizen of Texas.

**B. Defendants ACSI and Schulz Were Improperly Joined.**

11. A party may establish improper joinder when it shows (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a state-law claim against the non-diverse defendant. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), cert. denied, 544 U.S. 992 (2005); *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 699 (5th Cir. 1999). Underwriters will show that "there is no reasonable basis for the district court to

predict that the [plaintiff] might be able to recover against an in-state defendant, individually," which is the test adopted by the Fifth Circuit in *Smallwood*. 385 F.3d at 573.

12. The Court may conduct the *Smallwood* test using a Rule 12(b)(6) analysis of the Petition to determine whether Plaintiff states a claim, or the Court may use a summary inquiry to identify discrete and undisputed facts that would preclude recovery. *See id*. The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994). Additionally, "merely *pleading* a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent . . . ." *Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004). In the context of joinder of non-diverse insurance adjusters, the Southern District has required plaintiffs "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer." *Okenkpu v. Underwriters Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.,* Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D.Tex. Jan.20, 2011); *Gonzales v. Homeland Ins. Co. of New York,* Civ. A. No. H–11–123, 2011 WL 3104104 (S.D.Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.,* Civ. A. No. H–10–4162, 2011 WL 2837588 (S.D.Tex. July 18, 2011); *Jiminez v. Travelers Indem. Co.,* Civ. A. No. H–09–1308, 2010 WL 1257802, *6 (S.D.Tex. Mar.25, 2010); *Glen Willow Apartments v. Lexington Ins. Co.,* Civ. A. No. H–10–2095, 2011 WL 1044206, *3 (March 16, 2001)).

13. First, the statute of limitations has expired on the Insurance Code and DTPA causes of action asserted against Schulz. Second, Schulz Adjusting, Inc. was not involved in the

claim at issue. Steve Schulz, individually, performed adjusting services on behalf of ACSI. Third, here, Plaintiff fails to offer any specific, actionable facts in support of his claims against ACSI or Schulz, as distinct from Plaintiff's claims against Underwriters, and therefore fails to state a viable state law claim against ACSI and Schulz, individually. *See Okenkpu*, 2012 WL 1038678 at *7; *Keen v. Wausau Business Ins. Co.*, 875 F.Supp.2d 682 (S.D.Tex. 2012) (Harmon, J.) ("[W]hen an adjuster's actions 'can be accomplished by [the insurer] through an agent' and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster.") (citing *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, *14 (S.D. Tex. 2011)).

14.  Fourth, Plaintiff's allegations against ACSI and Schulz are conclusory, as well as inaccurate in this case, and they contain no reference to any material facts to which the law should apply. Plaintiff's only factual allegations that apply specifically to Schulz and ACSI are the generic and conclusory allegations that these defendants performed a substandard investigation and inspection of the property, denied part of the claim and/or undervalued the damages and made non-specific alleged misrepresentations about the policy. *See* Plaintiff's Original Petition at ¶ 34. Plaintiff further alleges that Underwriters underpaid Plaintiff's claim based on Schulz's unreasonable inspection and that Defendants performed an outcome-oriented investigation. *Id.* The Fifth Circuit has made it clear that simply submitting a higher repair estimate is not evidence of wrongdoing by the adjuster. *Bias v. Standard Guaranty Ins. Co.*, 385 Fed.Appx. 398, 2010 WL 2802449 (5th Cir. 2010) (not designated for publication).

15.  Just as in the *Okenkpu* case cited above, Plaintiff's Original Petition "fails to specify any statements which [Plaintiff considers] to be misrepresentations or fraudulent,

[Plaintiff does] not identify when and where these statements were made or why they are fraudulent or misrepresentative." *Okenkpu*, 2012 WL 1038678 at *6. Insurers, as well as adjusters, have the right to estimate damages based on their investigation, skill, and training without being sued for alleged Insurance Code violations just because public adjusters and lawyers blanket the area and promise homeowners new roofs (which was actually provided to Plaintiff in this instance). *Texas Mut. Ins. Co. v. Ruttiger*, 265 S.W.3d 651, 661 (Tex.App.-Houston [1st Dist.] 2008), citing *United Services Auto. Ass'n v. Croft*, 175 S.W.3d 457, 471 (Tex.App.-Dallas 2005). "As long as the insurer has a reasonable basis to deny or delay payment of a claim, even if that basis is eventually determined by the factfinder to be erroneous, the insurer is not liable for the tort of bad faith." *Higginbotham v. State Farm Mutual Automobile Ins. Co.*, 103 F.3d 456, 459 (5th Cir.1997), citing *Lyons v. Millers Casualty Ins. Co.,* 866 S.W.2d 597, 600 (Tex.1993).

16. Briefly summarizing statutory language and common law causes of action, as Plaintiff did here, is not the same as pleading *actionable facts* to which a cause of action should apply. Plaintiff's pleading obligation is to provide the grounds for his claim to relief and the grounds require more than labels and conclusions. *Twombly*, 550 U.S. at 555 (Courts are not to accept as true legal conclusions couched as factual allegations."). For instance, merely alleging an investigation was inadequate or incompetent or unreasonable simply states a conclusion when the allegations are without any facts specifying in which the investigation was deficient or unreasonable. *See Johnson v. The Travelers Home & Marine Ins. Co.*, No. CV H-16-449, 2016 WL 4061146, at *1 (S.D. Tex. 2016) (Miller, J.) (rejecting claim that allegations of adjuster's alleged outcome oriented and unreasonable investigation was sufficient to establish a reasonable basis on which to predict recovery).

17. Because Plaintiff's Original Petition fails to state any specific, actionable conduct on Schulz's or ACSI's part, there is no *reasonable basis* for the Court to predict that Plaintiff might be able to recover against them, individually, as opposed to recovering on its contractual claims against Underwriters. *Griggs*, 181 F.3d at 699-701; *Keen,* 875 F.Supp.2d at 686 (holding that, because the plaintiff's claims against the adjuster were identical to his claims against the insurer, the plaintiff failed adequately to state a claim against the adjuster); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL 1437837, at *3-4 (N.D. Tex. 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really legal conclusions couched as factual allegations"); *Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (S.D. 2009) (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery).

18. Further, generic allegations of wrong doing will not support an arguable basis of individual liability against the individual Non-Insurer Defendants. *See Caballero v. State Farm Lloyds*, 2003 WL 23109217 (S.D.Tex. 2003) (Hudspeth, J.) (not designated for publication). Texas law is clear that to be liable for alleged Insurance Code violations, the adjuster, individually, must have committed the violation that caused the harm. *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D.Tex. 2007). Here, the alleged harm is denial or underpayment of the claim by Underwriters. *See Plaintiff's* Original Petition.

19. "[T]o state a valid state law cause of action, Plaintiff's' Petition must demonstrate a 'factual fit' between the allegations and the pleaded theory of recovery." *See First Baptist Church of Mauriceville, Texas v. Guideone Mut. Ins. Co.*, 2008 WL 4533729 (E.D.Tex. 2008 (not designated for publication) (Hines, J.) *See also Terrell v. Ace European Group Ltd.*,

No. 1:09-cv-506, slip op. at 12 (E.D. Tex. Feb. 24, 2010) (citing *Griggs v. State Farm Lloyd's*, 181 F.3d 694, 700 (5th Cir. 1999)). In making the determination as to whether the allegations are sufficiently factually specific, the Court must look at the state court pleading but apply the federal pleading standard. *Int'l Energy Ventures Mgmt., LLC v. United Energy Group, Ltd.*, 818 F.3d 193, 205 (5th Cir. 2016).

20. When applying the federal pleading standards, Plaintiff's Original Petition fails to state a claim against Schulz and ACSI, individually, which would provide this Court with a reasonable basis to predict the likelihood of any liability finding against them. Mere recitals of the elements of a cause of action supported by conclusory statements are insufficient to establish a state law cause of action. *See Ashcroft v. Iqbal*, 129 S.Ct 1297 (2009). It is not the law in Texas that a reasonable probability of recovery exists against an adjuster or TPA every time a plaintiff obtains a higher estimate which does not take into account coverage and policy terms. This, however, is precisely what it alleged against ACSI and Schulz. As pleaded, these claims are not actionable, asserted only to attempt to defeat diversity jurisdiction.

21. Additionally, there is no reasonable basis for this Court to predict an individual liability finding against Schulz or ACSI as Plaintiff has not alleged any injury caused by any action committed by them, in their individual capacity, which is independent of the damages sought for Underwriters's alleged failure to pay the claim. In Texas, "[t]here can be no recovery for extra-contractual damages for mishandling claims unless the complained of actions or omissions caused injury independent of those that would have resulted from a wrongful denial of policy benefits."[1] The Fifth Circuit reiterated this rule in 2010 in *Great American Ins. Co. v.*

---

[1] *See, e.g., Parkans Int'l v. L.L.C.. v. Zurich Ins.*, 299 F.3d 514, 519 (5th Cir. 2002); *Provident American Ins. Co. v. Casteneda*, 988 S.W.2d 189 (Tex. 1999); *DaimlerChrysler Ins. Co. v. Apple*, 265 S.W.3d 52, 70 (Tex. App. – Houston [1st Dist.] 2008), *aff'd in part and rev'd on other grounds*, 297 S.W.3d 248 (2009). Plaintiff must demonstrate both extreme conduct and damages that are independent of the benefits of the insurance policy.

*AFS/IBEX Financial Serv.*, 612 F.3d 800 (5th Cir. 2010) (the insured's assertion that a breach of contract entitled it to recover its extra-contractual claims "does not comport with this court's case law.").

22. In short, Plaintiff sued ACSI and Schulz because the full roof replacement estimate included non-recoverable depreciation and the Policy's deductible. Plaintiff's claims against these Defendants are groundless and alleged solely to improperly attempt to defeat diversity. "Allegations merely asserted against 'Defendants,' without alleging what facts are attributed to the adjuster individually as opposed to the insurance company, do not provide a reasonable basis for recovering from the adjuster." *TAJ Properties, LLC. v. Zurich Am. Ins. Co.*, 2010 WL 4923473, *4 (S.D. Tex. 2010) (not designated for publication).

23. The claim at issue, no matter how Plaintiff couches it in the lawsuit, is whether Underwriters owe Plaintiff any amount for a covered loss. Economic damages claims against the insurer do not automatically give rise to extra-contractual claims against Underwriters' independent adjusters, individually. The Insurance Code claims against Schulz are time-barred. There is simply no reasonable basis for the Court to predict a likelihood of recovery against Schulz or ACSI on the alleged conspiracy to commit fraud or fraud claims, or the alleged Insurance Code claims. The citizenship of the non-diverse defendants, ACSI and Schulz, therefore, is disregarded and removal of this case is proper.

---

*Castaneda*, 988 S.W.2d 189, 198–99 (Tex. 1998); *Lexington Ins. Co. v. JAW The Pointe, LLC*, 2013 WL 3968445 (Tex.App.--Houston [14th Dist.] 2013, pet. filed) (citing *Progressive Cnty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005); *Am. Motorists Ins. Co. v. Fodge*, 63 S.W.3d 801, 804 (Tex 2002)).

### C. The Amount In Controversy Exceeds Jurisdictional Requirements.

24. It is undisputed that the amount in controversy in this case exceeds the $75,000 jurisdictional requirement. Plaintiff's lawsuit states that Plaintiff seeks "monetary relief over $200,000." Plaintiff's Original Pet. ¶ 73.

### D. Removal is Procedurally Correct.

25. Underwriters first received notice of Plaintiff's' Original Petition on August 31, 2016, when Underwriters were served. Underwriters file this Notice within the 30 day time period required by 28 U.S.C. § 1446(b).

26. Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

27. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

28. Pursuant to 28 U.S.C. §1446(d), promptly after Underwriters file this Notice, written notice of the filing will be given to Plaintiff.

29. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be promptly filed with the Clerk of the Harris County District Court after Underwriters files this Notice.

30. Consent of an improperly joined defendant is not necessary for removal; however, Schulz, who has not been served, and ACSI consent to this removal.

31. On March 31, 2016, the Fifth Circuit reaffirmed that "[a] federal court must apply the federal pleading standard" when evaluating the sufficiency of pleadings for purposes of an

improper joinder analysis.[2] In *International Energy Ventures Management., LLC*, the Fifth Circuit explained that when determining its own jurisdiction, "a federal court does so without reference to state law, much less state law governing pleadings."[3] Accordingly, the Fifth Circuit has clarified the issue:

> The *Smallwood* opinion instructs us to apply the Rule 12(b)(6)-type analysis, which must mean the entirety of that analysis. **Because that analysis is inseparable from the federal pleading standard, this is an instruction to apply the federal pleading standard.**

*Id*. at *7. (emphasis added). Defendants asserted, in their answer to the lawsuit, that Plaintiff failed to state actionable claims against ACSI and Schulz, even according to Texas pleading standards, via special exceptions. Defendants' removal is procedurally correct.

## III.
## CONCLUSION

Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendants hereby remove this case to this Court for trial and determination.

    Respectfully submitted,

    THOMPSON, COE, COUSINS & IRONS, L.L.P.

    By: */s/ D. Christene Wood*
        D. Christene Wood
        Texas State Bar No. 24042188
        Southern District I.D. No. 38044
        E-Mail: cwood@thompsoncoe.com
        One Riverway, Suite 1400
        Houston, Texas 77056-1988
        Telephone: (713) 403-8210
        Facsimile: (713) 403-8299

    **ATTORNEYS FOR DEFENDANTS**

---

[2] *Intl. Energy Ventures Mgt., L.L.C. v. United Energy Group, Ltd.*, 14-20552, 2016 WL 1274030, at *8 (5th Cir. Mar. 31, 2016).

[3] No. 14-20552, 2016 WL 1274030, at *5.

                                          **UNDERWRITERS AT LLOYD'S, LONDON**

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on September 30, 2016, a true and correct copy of the foregoing instrument was served upon all known counsel of record, via the Court's ECF notice system, in accordance with the Federal Rules of Civil Procedure, as follows:

Andrew S. Cook
David M. Anderson
COOK & ANDERSON LAW FIRM, PLLC
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas 78401
cook@ccatriallaw.com
Anderson@ccatriallaw.com

Robert J. Gonzalez
LAW OFFICES OF ROBERT J. GONZALEZ
5722 Wooldridge Road
Corpus Christi, Texas 78414
robertjgonzalezlaw@gmail.com

                                              */s/ Christene Wood*
                                              D. Christene Wood