Filed 8/23/2016 5:46:34 PM
R. David Guerrero
District Clerk
Jim Wells County, Texas
Maricela Rinche, Deputy

CAUSE NO. 16-08-56360-CV

| | | |
|---|---|---|
| **PEARL SERNA** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **JIM WELLS COUNTY, TEXAS** |
| | § | |
| **UNDERWRITERS AT LLOYD'S,** | § | |
| **LONDON, ACSI, INC. AND** | § | |
| **SCHULZ ADJUSTING, INC.** | § | **_____ JUDICIAL DISTRICT** |
| **Defendants.** | | |

---

## PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Pearl Serna ("Plaintiff"), and files this *Plaintiff's Original Petition*, complaining of Underwriters at Lloyd's, London ("Underwriters"), ACSI, Inc., ("ACSI"), and Schulz Adjusting, Inc.   ("Schulz"), (collectively referred to as "Defendants"), and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery.  Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.    Plaintiff Pearl Serna is an individual residing in Jim Wells County, Texas.



EXHIBIT

2

This document was retrieved from the iDocket.com website.

3.    Defendant Underwriters is a foreign insurance company engaging in the business of insurance in the State of Texas.  Defendant Underwriters has not designated an agent for service of process in the State of Texas.  Accordingly, this defendant may be served pursuant to §17.044 of the Tex. Civ. Prac. & Rem. Code by serving the Texas Secretary of State at 1019 Brazos Street, Austin, Texas 78701 as this is Defendant's agent for service.  Plaintiff requests that the Secretary of State immediately forward a duplicate copy of the process to Defendant's agent for service, Edward T. Smith, Esq. at Mendes & Mount, LLP, 750 Seventh Avenue, New York, New York 10019-6829, by certified mail, return receipt requested.

4.    Defendant ACSI is an adjusting company engaging in the business of adjusting insurance claims in the State of Texas.  This defendant may be served via certified mail, return receipt requested, by serving its Registered Agent, Greg Baker at 315 Bakers Ridge Road, Blanco, Texas 78606.

5.    Defendant Schulz is an adjusting company engaging in the business of adjusting insurance claims in the State of Texas.  This defendant may be served via certified mail, return receipt requested, by serving its Registered Agent, Stephen Douglas Schulz at 310 Neal Road, San Antonio, Texas 78264.

This document was retrieved from the iDocket.com website.

## JURISDICTION

6.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.

7.    The Court has jurisdiction over Defendant Underwriters because the defendant is an insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas.

8.    The Court has jurisdiction over Defendant ACSI because the defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas.

9.    The Court has jurisdiction over Defendant Schulz because the defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of the defendant's business activities in the State of Texas.

## VENUE

10.    Venue is proper in Jim Wells County, Texas, because the insured property is situated in Jim Wells County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

11.    Plaintiff is the owner of a Texas Homeowners' Insurance Policy number AH57329 (hereinafter referred to as "the Policy"), which was issued by Underwriters.

This document was retrieved from the iDocket.com website.

12.   Plaintiff owns the insured property, which is specifically located at 1405 S. Gulf Street, Alice, Texas 78332, in Jim Wells County (hereinafter referred to as "the Property").

13.   Underwriters sold the Policy insuring the Property to Plaintiff.

14.   On or about May 27, 2014, a massive hail storm struck Jim Wells County, Texas, causing significant damage to many homes and businesses throughout the region, including Plaintiff's residence. Plaintiff's roof sustained extensive damage during the hail storm. Water intrusion through the hail damaged roof also caused damage to the interior of Plaintiff's residence. Plaintiff's home also sustained substantial structural and exterior damage during the storm. Plaintiff asked that Underwriters cover the cost of repairs to the Property pursuant to the Policy.

15.   The claim number assigned by Underwriters is PC1656138.

16.   Defendant Underwriters assigned Defendant ACSI as the overseeing adjusting company for the claim. ACSI then assigned Defendant Schulz as the adjusting company for the claim. Schulz then assigned an individual adjuster on the claim. The adjusters were improperly trained and failed to perform a reasonable or adequate inspection of the damages. During the course of the adjuster's inspection, he severely undervalued the damage to the home and also made the executive decision to deny some of Plaintiff's covered damages. Defendant Underwriters agreed with and adopted Defendants ACSI's, Schulz's and the adjuster's undervalued and erroneous

Page 4

This document was retrieved from the iDocket.com website.

evaluation of Plaintiff's damages as its own and ultimately issued underpayment to Plaintiff based on that evaluation.

17.     As a result of the unreasonable investigation of Plaintiff's' claim (including not providing full coverage for the damages sustained by Plaintiff and under-scoping the damages during its investigation, thus denying adequate and sufficient payment to Plaintiff to repair her home), Plaintiff's claim was improperly and unreasonably adjusted.  The mishandling of Plaintiff's claim has also caused a delay in her ability to make necessary repairs to the Property, which has resulted in additional and consequential damages.  To date, Plaintiff has yet to receive the full payment amount to which she is entitled under the Policy.

18.     As detailed in the paragraphs below, Underwriters wrongfully denied Plaintiff's claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.   Furthermore, Underwriters underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

19.     To date, Underwriters continues to delay in the payment for the damages to the property.  As such, Plaintiff has not been the full amount for the damages to her home.

20.     Defendant Underwriters failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it

This document was retrieved from the iDocket.com website.

refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Underwriters' conduct constitutes a breach of the insurance contract between Underwriters and Plaintiff.

21.   Defendants Underwriters, ACSI and Schulz misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Underwriters', ACSI and Schulz' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

22.   Defendants Underwriters, ACSI and Schulz failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants Underwriters', ACSI's and Schulz's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

23.   Defendants Underwriters, ACSI and Schulz failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants Underwriters, ACSI and Schulz failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Underwriters, ACSI and Schulz did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any

This document was retrieved from the iDocket.com website.

explanation for the failure to adequately settle Plaintiff's claim.  Defendants Underwriters', ACSI's and Schulz's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(3).

24.     Defendants Underwriters, ACSI and Schulz failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Underwriters, ACSI and Schulz. Defendants Underwriters', ACSI's and Schulz's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

25.     Defendants Underwriters, ACSI and Schulz refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants Underwriters, ACSI and Schulz failed to conduct a reasonable investigation. Specifically, Defendants Underwriters, ACSI and Schulz performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. Defendants Underwriters', ACSI's and Schulz's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(7).

26.     Defendant Underwriters failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information

This document was retrieved from the iDocket.com website.

reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Underwriters' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

27. Defendant Underwriters failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Underwriters' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

28. Defendant Underwriters failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for her claim. Underwriters' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

29. From and after the time Plaintiff's claim was presented to Defendant Underwriters, the liability of Underwriters to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Underwriters has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Underwriters' conduct constitutes a breach of the common law duty of good faith and fair dealing.

This document was retrieved from the iDocket.com website.

30.    Defendants Underwriters, ACSI and Schulz knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

31.    As a result of Defendants Underwriters', ACSI's and Schulz's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing her with respect to these causes of action.

32.    Plaintiff's experience is not an isolated case.   The acts and omissions Underwriters committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Underwriters with regard to handling these types of claims.   Underwriters' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST ACSI AND SCHULZ

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
#### UNFAIR SETTLEMENT PRACTICES

33.    Defendants ACSI's and Schulz's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE §541.060(a).   All violations under their article are made actionable by TEX. INS. CODE §541.151.

34.    Defendants ACSI's and Schulz's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage

This document was retrieved from the iDocket.com website.

at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

35.    Defendants ACSI's and Schulz's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

36.    The unfair settlement practice of Defendants ACSI and Schulz, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

37.    Defendants ACSI's and Schulz's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

38.    Defendants ACSI's and Schulz's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable

This document was retrieved from the iDocket.com website.

investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

### FRAUD

39.     Defendants Underwriters, ACSI and Schulz are liable to Plaintiff for common law fraud.

40.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as she did, and which Underwriters, ACSI and Schulz knew were false or made recklessly without any knowledge of their truth as a positive assertion.

41.     The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

### CONSPIRACY TO COMMIT FRAUD

42.     Defendants Underwriters, ACSI and Schulz are liable to Plaintiff for conspiracy to commit fraud.   Defendants Underwriters, ACSI and Schulz were members of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means.   In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants Underwriters, ACSI and Schulz committed an

This document was retrieved from the iDocket.com website.

unlawful, overt act to further the object or course of action.  Plaintiff suffered injury as a proximate result.

CAUSES OF ACTION AGAINST UNDERWRITERS ONLY

43.  Defendant Underwriters is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

BREACH OF CONTRACT

44.  Defendant Underwriters' conduct constitutes a breach of the insurance contract made between Underwriters and Plaintiff.

45.  Defendant Underwriters' failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Underwriters' insurance contract with Plaintiff.

NONCOMPLIANCE WITH TEXAS INSURANCE CODE:<br>UNFAIR SETTLEMENT PRACTICES

46.  Defendant Underwriters' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

47.  Defendant Underwriters' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

This document was retrieved from the iDocket.com website.

48. Defendant Underwriters' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Underwriters' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

49. Defendant Underwriters' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

50. Defendant Underwriters' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

51. Defendant Underwriters' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

This document was retrieved from the iDocket.com website.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

52.     Defendant Underwriters' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

53.     Defendant Underwriters' failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

54.     Defendant Underwriters' failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

55.     Defendant Underwriters' delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

56.     Defendant Underwriters' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

57.     Defendant Underwriters' failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time Underwriters knew or should have known by the exercise of reasonable

This document was retrieved from the iDocket.com website.

diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

58.   Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

59.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

60.   As previously mentioned, the damages caused by the hail storm have not been properly addressed or repaired in the time since the event, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.  These damages are a direct result of Defendant Underwriters', ACSI's and Schulz's mishandling of Plaintiff's claim in violation of the laws set forth above.

61.   For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

62.   For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described

This document was retrieved from the iDocket.com website.

above, Plaintiff asks for three times her actual damages.  TEX. INS. CODE §541.152.

63.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

64.   For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

65.   For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

66.   For the prosecution and collection of her claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

This document was retrieved from the iDocket.com website.

## JURY DEMAND

67.   Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Jim Wells County, Texas.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

68.   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within 50 days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

### REQUESTS FOR PRODUCTION

69.   *Plaintiff's Request for Production to Defendant Underwriters at Lloyd's, London* is attached as "Exhibit A."

## RULE 47 STATEMENT

70.   Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages.  It is early in the case to be assessing the full nature and scope of Plaintiffs' damages, and Plaintiffs place the decision regarding the amount of compensation to be awarded in the jury's hands.

71.   Texas Rule of Civil Procedure 47, however, *requires* Plaintiff to provide a statement regarding the amount of monetary relief sought.  Accordingly, Plaintiff states that monetary relief of over $200,000 but less than $1,000,000, in an amount to be determined by the jury, is being sought.

This document was retrieved from the iDocket.com website.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of her case, for all costs of Court on her behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself justly entitled

Respectfully submitted,

COOK & ANDERSON LAW FIRM, PLLC

/s/ Andrew C. Cook
Andrew C. Cook
State Bar No. 24057481
David M. Anderson
State Bar No. 24064815
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas  78401
(361) 884-4433 (Office)
(361) 884-4434 (Facsimile)
cook@ccatriallaw.com
anderson@ccatriallaw.com

This document was retrieved from the iDocket.com website.

**AND**        **Law Offices of Robert J. Gonzalez**
Robert J. Gonzalez
State Bar No. 08131650
5722 Wooldridge Road
Corpus Christi, Texas 78414
attygonzalez@aol.com

**ATTORNEYS FOR PLAINTIFF**

This document was retrieved from the iDocket.com website.

## "Exhibit A"

### CAUSE NO._____

| | | |
|---|---|---|
| **PEARL SERNA** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **JIM WELLS COUNTY, TEXAS** |
| | § | |
| **UNDERWRITERS AT LLOYD'S,** | § | |
| **LONDON, ACSI, INC., AND** | § | |
| **SCHULZ ADJUSTING, INC.** | § | **_____ JUDICIAL DISTRICT** |
| **Defendants.** | | |

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT UNDERWRITERS AT LLOYD'S, LONDON INSURANCE COMPANY

**To:** **Defendant Underwriters at Lloyd's, London, by and through by and through its agent for service, Edward T. Smith, Esq. at Mendes & Mount, LLP, 750 Seventh Avenue, New York, New York 10019-6829.**

Pursuant to Rule 196 of the Texas Rules of Civil Procedure, Defendant Underwriters at Lloyd's, London must produce all requested documents and information (as kept in the ordinary course of business or organized and labeled to correspond with categories in each request), not more than 50 days after service of these requests.

Respectfully submitted,

COOK & ANDERSON LAW FIRM, PLLC

/s/ Andrew C. Cook
Andrew C. Cook
State Bar No. 24057481
David M. Anderson
State Bar No. 24064815
101 N. Shoreline Blvd., Suite 420
Corpus Christi, Texas  78401
(361) 884-4433 (Office)
(361) 884-4434 (Facsimile)

This document was retrieved from the iDocket.com website.

AND     **Law Offices of Robert J. Gonzalez**
Robert J. Gonzalez
State Bar No. 08131650
5722 Wooldridge Road
Corpus Christi, Texas 78414
attygonzalez@aol.com

**ATTORNEYS FOR PLAINTIFF**

This document was retrieved from the iDocket.com website.

## INSTRUCTIONS

1.   Answer each request for documents separately by listing the documents and by describing them as defined below. If documents produced in response to this request are numbered for production, in each response provide both the information that identifies the document and the document's number.

2.   For a document that no longer exists or that cannot be located, identify the document, state how and when it passed out of existence or could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss of the document, and identify any other document evidencing the lost document's existence or any facts about the lost document.

   a.   When identifying the document, you must state the following:

      (1)   The nature of the document (e.g., letter, handwritten note).
      (2)   The title or heading that appears on the document.
      (3)   The date of the document and the date of each addendum, supplement, or other addition or change.
      (4)   The identities of the author, signer of the document, and person on whose behalf or at whose request or direction the document was prepared or delivered.

   b.   When identifying the person, you must state the following:

      (1)   The full name.
      (2)   The present or last known residential address and residential telephone number.
      (3)   The present or last known office address and office telephone number.
      (4)   The present occupation, job title, employer, and employer's address.

This document was retrieved from the iDocket.com website.

## <u>DEFINITIONS</u>

The following definitions shall have the following meanings, unless the context requires otherwise:

1. "Plaintiff" or "defendant," as well as a party's full or abbreviated name or a pronoun referring to a party, means the party, and when applicable, the party's agents, representatives, officers, directors, employees, partners, corporate agents, subsidiaries, affiliates, or any other person acting in concert with the party or under the party's control, whether directly or indirectly, including any attorney.

2. "You" or "your" means **Underwriters at Lloyd's, London**, as well as its successors, predecessors, divisions, subsidiaries, related companies, including holding companies, present and former officers, agents, employees, and all other persons acting on behalf of **Underwriter's at Lloyd's, London** or its successors, predecessors, divisions, and subsidiaries and related companies, including holding companies.

3. "Document" means all written, typed, or printed matter and all magnetic, electronic, or other records or documentation of any kind or description in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former directors, officers, employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you, that constitute or contain matters relevant to the subject matter of the action. "Document" includes, but is not limited to, the following: letters, reports, charts, diagrams, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations or conferences, interoffice communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, faxes, invoices, tape recordings, computer printouts, drafts, résumés, logs, worksheets, notations, sketches, and deleted emails.

4. "Electronic or magnetic data" means electronic information that is stored in a medium from which it can be retrieved and examined. The term refers to the original (or identical duplicate when the original is not available) and any other copies of the data that may have attached comments, notes, marks, or highlighting of any kind. Electronic or magnetic data includes, but is not limited to, the following: computer programs; operating systems; computer activity logs; programming notes or instructions; e-mail receipts, messages, or transmissions; output resulting from the use of any software program, including word-processing documents, spreadsheets, database files, charts, graphs, and outlines; metadata; PIF and PDF files; batch files; deleted files; temporary files; Internet- or web-browser-generated information stored in textual, graphical, or audio format, including history files, caches, and cookies; and any miscellaneous

This document was retrieved from the iDocket.com website.

files or file fragments. Electronic or magnetic data includes any items stored on magnetic, optical, digital, or other electronic-storage media, such as hard drives, floppy disks, CD-ROMs, DVDs, tapes, smart cards, integrated-circuit cards (e.g., SIM cards), removable media (e.g., Zip drives, Jaz cartridges), microfiche, or punched cards. Electronic or magnetic data also includes the file, folder, tabs, containers, and labels attached to or associated with any physical storage device with each original or copy and expressly includes deleted emails or other information.

5.  "Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession equal or superior to that of the person who has physical possession of the item.

6.  "Person" means any natural person, corporation, firm, association, partnership, joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

7.  "Mobile device" means any cellular telephone, satellite telephone, pager, personal digital assistant, handheld computer, electronic rolodex, walkie-talkie, or any combination of these devices.

This document was retrieved from the iDocket.com website.

<u>**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT**</u>
<u>**UNDERWRITERS AT LLOYD'S, LONDON**</u>

1. Produce all nonidentical copies of **Insurance Policy No. AH57329** (hereinafter referred to as "The Policy"), which provided coverage for the property located at **1405 S. Gulf Street, Alice, Texas 78332** (hereinafter referred to as "The Property"), on or about May 27, 2014.

2. Produce all claims files created, kept, maintained, or otherwise related to **Claim No. PC1656138**.

3. Produce all claims files created, kept, maintained, or otherwise related to The Policy at issue in this suit.

4. Produce all claims files created, kept, maintained, or otherwise related to The Property at issue in this suit.

5. Produce all Underwriting files created, kept, maintained, or otherwise related to The Policy at issue in this suit.

6. Produce all Underwriting files created, kept, maintained, or otherwise related to The Property at issue in this suit.

7. Produce all electronic and magnetic information and data, including emails and deleted emails, relating to **Claim No. PC1656138** in native format via USB drive or DVD/CD-ROM.

8. Produce all electronic and magnetic information and data, including emails and deleted emails, relating to The Policy in native format via USB drive or DVD/CD-ROM.

9. Produce all electronic and magnetic information and data, including emails and deleted emails, relating to The Property in native format via USB drive or DVD/CD-ROM.

10. Produce any and all communications and documents sent to or received from, or exchanged by and between you and Plaintiff and her agents, employees, or representatives concerning the subject matter of this lawsuit.

11. Produce all communications between Plaintiff and Defendants Underwriters at Lloyd's, London ("Underwriters"), ACSI, Inc. ("ACSI") and Schulz Adjusting, Inc. ("Schulz"), including any of Defendants' other employees or agents, relating to **Claim No. PC1656138**.

12. Produce all communications between Plaintiff and Defendants Underwriters at Lloyd's, London ("Underwriters"), ACSI, Inc. ("ACSI") and Schulz Adjusting, Inc. ("Schulz"), including any of Defendants' other employees or agents, relating to The Policy.

13. Produce all communications between Plaintiff and Defendants Underwriters at Lloyd's, London ("Underwriters"), ACSI, Inc. ("ACSI") and Schulz

This document was retrieved from the iDocket.com website.

Adjusting, Inc. ("Schulz"), including any of Defendants' other employees or agents, relating to The Property.

14. Produce all documents or other material or information that reflect any instructions or directions Underwriters, including its employees and agents, provided or made available to Plaintiff relating to **Claim No. PC1656138**.

15. Produce all documents or other material or information that reflect any instructions or directions Defendant Underwriters, including its employees and agents, provided or made available to Plaintiff relating to The Policy.

16. Produce all documents or other material or information that reflect any instructions or directions Defendant Underwriters, including its employees and agents, provided or made available to Plaintiff relating to The Property.

17. Produce all documents that relate to any inspections performed on The Property.

18. Produce all SIU files created, kept, maintained, or otherwise related to **Claim No. PC1656138**.

19. Produce all SIU files created, kept, maintained, or otherwise related to The Policy at issue in this suit.

20. Produce all SIU files created, kept, maintained, or otherwise related to The Property at issue in this suit.

21. Produce all training materials relevant to the adjusting of hail/wind damage claims in Texas.

22. Produce all policies/procedures/guidelines maintained by Underwriters that relate to the handling of hail/wind damage claims in Texas.

23. Produce all personnel files maintained by Underwriters regarding any other adjuster/claim representative assigned to **Claim No. PC1656138**.

This document was retrieved from the iDocket.com website.